## R. G. PARKER v. CITIZENS INS. CO.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON
PLEAS OF WESTMORELAND COUNTY.

Argued October 11, 1889—Decided October 28, 1889.

On the trial of an action against an insurance company, the fact that a par-
ticular person was the agent of the company in making a settlement
sought to be enforced, may be proved by the affidavit of the person,
made as the general agent of the company, to obtain a continuance of
the cause when called for trial previously.

Before PAXSON, C. J., STERRETT, CLARK, WILLIAMS, MC-
COLLUM and MITCHELL, JJ.

No. 220 October Term 1889, Sup. Ct.; court below, No. 296
May Term 1886, C. P.

On March 11, 1886, R. G. Parker brought assumpsit against
the Citizens Fire Insurance Company, declaring upon a policy
of insurance for $1,600.   Issue.

The cause was called for trial on March 7, 1888, when the
plaintiff moved to amend his narr so as to base his cause of
action upon a contract entered into by the company, adjusting
and promising to pay a certain amount, in consideration of the
surrender of the policy.   The amendment being allowed, John
C. Kohne filed an affidavit averring that he was the general
agent of the company and that the defendant was not prepared
to go to trial upon the amended narr.   Upon this affidavit the
cause was continued.

At the trial on December 12, 1888, the plaintiff proved and
offered in evidence the following paper:

REAGENTOWN, March 20, 1885.

I, the undersigned, do hereby agree to accept from the Citi-
zens Ins. Co., under policy No. 185,285, and the Humboldt
Ins. Co., under policy No. 65,043, being for $1,600 and $1,000,
respectively, issued to me on stock at above mentioned place,
and in consideration of twenty-two hundred dollars, ($2,200) to
be paid to me, do thereby accept from said companies in full

Charge of Court below.

compromise settlement for all claims and demands for loss or damage by fire of March 14, 1885; when said $2,200 is to me paid, I agree to surrender policies.

　　　　　　　(Signed)　　　　　　R. G. PARKER.

　　Witness: ROBERT FOSTER.

The plaintiff testified that the agreement set out in the foregoing paper had been made by him with J. C. Kohne, and that the agreement between them at the time was, that the defendant company's policy should be paid in full, and that the reduction should be from the Humboldt company's policy alone.　To establish the general agency of Kohne and his authority to make the agreement, the plaintiff offered in evidence the affidavit made to obtain the continuance on the former trial.

　　Objected to.

　　By the court: Objection overruled; exception.[4]

　　At the close of the testimony, the court, HUNTER, P. J., charged the jury in part as follows:

　　[It appears by the evidence that the plaintiff in this case held a policy of insurance granted to him by the defendant company, which policy was in full life in the year 1885, when a loss occurred] [1]; the insurance being upon merchandise in the store of the plaintiff.　Upon the night of March 14, 1885, there was a total destruction of the store-house and dwelling house, and the contents of the store.　There could of course be no recovery for anything else than the property insured; that is to say, the goods in the store.　We might mention that as a general rule, there can only be recoveries upon policies of insurance for the actual loss sustained; never more, however, than the amount of the policy.　It would appear that the fire occurred on Saturday night; and on the Friday following, Mr. Hasson, who had procured the policy for the plaintiff, and Mr. Kohne, appeared on the premises for the purpose of adjusting the loss; perhaps ascertaining what it was; whether it was a total loss, and such other facts as might seem to be important to them. The witnesses tell you that while these parties were there they were endeavoring to settle the loss and that finally it was settled in the manner they narrate.

　　It would appear that there was another policy taken out upon the same property, in the Humboldt company, the policy in the

Citizens company being in the sum of $1,600, and that in the Humboldt being for $1,000.   It would appear that Mr. Kohne, in endeavoring to settle the losses covered by the two policies, offered a certain sum of money which was refused; that he then increased the sum offered which was still refused; the plaintiff, upon his part, agreeing to take less than the face of both policies, finally it was adjusted, the witnesses tell you, by agreeing to pay $2,200 for this loss, upon both policies of insurance. Now, Mr. Kohne would have no power, in any event, to make a settlement that would be binding upon the Humboldt company, so far as we are informed by the evidence, because he was not the agent of that company and had no authority.   It is claimed that he was the general agent, however, of the Citizens company, and for the purpose of showing such agency, an advertisement which the company inserted in the Pittsburgh Directory, was shown in evidence, in which he was so recognized, as evidenced by that paper, if you belief that paper was authorized to be so made out and inserted in the Pittsburgh Directory by the company.   The witness, Walter Morris, testifies that he was secretary of the company at that time, and that he inserted this card for the company.

Now, if this was a joint settlement of both these policies, taking a round sum of $2,200 for his claim upon both these policies, and nothing was said with regard to any apportionment at the time, or how the $2,200 was to be made up, then there could be no recovery in this case for any sum.   [But, if in coming to this sum of money and adjusting the amount, it was agreed and understood by these parties that there was no objection to the $1,600 policy in the defendant company, and that that as a round sum should go in as a constituent part of the $2,200, and it was so understood and so agreed upon by the general agent at the time, acting for the company, we think that there can be a recovery for this amount under the evidence if you believe the witnesses.] [2]

We know of no other suggestions we can make.   The testimony of the witnesses is fresh in your recollection, and we think that you understand the question thoroughly.   [We may repeat: If this offer of the plaintiff was to take the $2,200 for his claim on both policies, regardless as to any specific amount touching the present policy, there can be no recovery.   But, if,

in adjusting this sum, it was agreed between them that the $1,600, the amount of the defendant company's policy should go in and be an item, and that added to that, there was to be the sum of $600 for the Humboldt policy, and this was clear and definite, and the plaintiff signed this paper with that understanding, from what was said and done by the agent of the company at the time, if you believe from the evidence he was agent, and the plaintiff's proof, in this regard is not contradicted, then we think that the plaintiff would be entitled to recover this amount, and we submit this question of fact to the jury, under the whole of the evidence.] [3]

The defendant requests the court to charge:

1. That under all the evidence in the case, the plaintiff is not entitled to recover, and the verdict must therefore be for the defendant.

Answer: This point is refused.[8]

The jury returned a verdict for the plaintiff for $1,954.40. Judgment having been entered on the verdict, the defendant took this writ, assigning for error:

1–3. The portions of the charge embraced in [ ] [1 to 3]
4. The admission of plaintiff's offer.[4]
8. The refusal of defendant's point.[8]

*Mr. Vin. E. Williams* (with him *Mr. W. A. Griffith*), for the appellant.

(1) Upon the question of agency, counsel cited: Refining & Storage Co. v. Bushnell, 88 Pa. 89; Hays v. Lynn, 7 W. 524; Moore v. Patterson, 28 Pa. 505; Whiting v. Lake, 91 Pa. 349; Irvine v. Buckaloe, 12 S. & R. 35; Mentz v. Insurance Co., 79 Pa. 475. (2) Upon the question of consideration to support the alleged new contract: Shorb v. Shultz, 43 Pa. 207; Murphy's Est., 11 Phila. 2; Stokes's Est., 9 W. N. 439; Fairlamb v. Hempshire, 7 W. N. 92; Conmey v. Macfarlane, 97 Pa. 361; Moyer v. Kirby, 2 Pears. 64; Fisher v. Gas Co., 1 Pears. 118.

*Mr. Jas. S. Moorhead* and *Mr. John B. Head*, for the appellee, were not heard.

The brief filed, on the question of agency, cited: Williams

v. Getty, 31 Pa. 463 ; Baltimore etc. Steamboat Co. v. Brown, 54 Pa. 83 ; Adams Express Co. v. Schlessinger, 75 Pa. 256.

PER CURIAM :

There was sufficient evidence to submit to the jury that John C. Kohne was the general agent of the defendant company. He was present at the last trial of the case in the court below, and, as such general agent, made an affidavit on behalf of the company to procure a continuance of the cause. His affidavit is something more than his statement under oath that he was the general agent. It was evidence of the fact that he was acting as the general agent of the company, and controlling its affairs. Corporations necessarily act through agents ; and when they have been publicly held out as such, and their act recognized, they will not be permitted to repudiate their authority : Williams v. Getty, 31 Pa. 461 ; Baltimore etc. Steamboat Co. v. Brown, 54 Pa. 77 ; Adams Express Co. v. Schlessinger, 75 Pa. 246.

We find no error in the refusal of the court below to give a binding instruction for the defendant. The declaration was not upon the policy, but upon a special promise to pay the sum of $1,600, in consideration of which the plaintiff surrendered his policy to the agent of the company. If the plaintiff's testimony is true, and the jury have found that it was, the conduct of the defendant was not such as to inspire confidence in insurance companies. We find no error in the rulings of the cou t upon the law, and the jury have done just what any other jury would have done under like circumstances.

Judgment affirmed.