## Maryland Casualty Company, Appellant, *v.* Peoples.

*Principal and agent—Broker—Insurance broker.*

Where an insurance broker is employed by a person who had no dealings with him before, to secure a policy of insurance on a particular property, the broker is the special agent of his employer, and cannot bind the latter by departing from the strict instructions given. Thus where an insurance broker is given authority to procure a policy for a certain stipulated amount at a stipulated rate, the party so employing him is not liable to the insurance company for a policy taken out for an entirely different amount, and at a cost several times as great as that which the broker was authorized to incur.

Argued Oct. 23, 1903. Appeal, No. 198, Oct. T., 1903, by plaintiff, from judgment of C. P. No. 4, Phila. Co., June T., 1902, No. 4200, for defendant non obstante veredicto in case of The Maryland Casualty Company v. David Peoples. Before RICE, P. J., BEAVER, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit to recover premiums alleged to be due on an accident insurance policy.   Before WILLSON, P. J.

At the trial the court gave binding instructions for plaintiff subject to question of law reserved.   Subsequently the court entered judgment for defendant non obstante veredicto, WILLSON, P. J., filing an opinion in which he stated the facts to be as follows :

The plaintiff company issued a policy of what is known as accident insurance to the defendant.   It was obtained by the latter through one Todd, who was an insurance broker.   It seems that he had represented to the defendant, who was a contractor for the construction of the Shackamaxon street sewer, that he could obtain a policy covering both the liability of the defendant to his employees and the liability to others not employed by him, upon terms which seem to have been extremely favorable to the defendant.   The particulars of his proposition are contained in a letter addressed by him to the defendant under date of February 19, 1901, but it is not necessary for the determination of this case that they shall be set forth here. Suffice it to say that after he was authorized by the defendant to obtain insurance such as he had offered to procure, he put himself in communication with the manager of the plaintiff company and there arranged for a policy on entirely different terms.   This policy was subsequently issued and delivered to him for delivery to the defendant, and he paid to the plaintiff company the sum of $135, which was the premium which was due in the first instance upon the policy as originally written. Todd had received from the defendant the sum of $500, which, according to the terms of his proposal to the defendant, was the total amount of premium which was to be paid for such a policy as the defendant desired, viz : a policy covering an employer's and public liability for the amount of risk assumed by the company.

Without entering into further particulars in regard to the case, which does not seem to be necessary, it may be said that after the policy left the possession of the company's officer and went into Todd's possession, before it came into the hands of the defendant, certain material alterations in words and figures were made in it, whereby the legal effect of the policy was entirely changed.   As the policy was originally written, the plain-

tiff company was entitled, by the end of the time covered by the risk, to receive from the defendant a correct statement of the pay roll of his employees and to receive an additional amount from the defendant, calculated at a certain rate per cent, upon the amount of the pay roll of the defendant's employees, whereas the policy as it reached the hands of the defendant called for no further payment by him in addition to the $500, which he had already paid to Todd. This change in the policy was beyond all question caused by certain fraudulent erasures and insertions, and there can be no doubt, indeed, it may be said to have been conceded that these were made by Todd.

This suit is brought by the company for the purpose of recovering from the defendant a certain amount of money by way of premium calculated upon the actual amount of the pay roll as furnished by him, upon request, to the plaintiff, and it is conceded that the amount now named would have been due from the defendant, provided he had received the policy in the form in which it was originally written. Having, however, received the policy in its altered form, and having paid the premium which in that form the policy called for, he claims that he is not liable for anything in addition. At the trial the jury was directed to find a verdict in favor of the plaintiff, and the question was reserved as to whether or not there was any evidence in the case which would justify such a verdict.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*Horace Stern* and *Maurice W. Sloan*, for appellant.—A broker employed to effect a policy of insurance, or to procure its modification, must be regarded the agent of the party who employs him, and his acts in that behalf bind his principal: Pottsville Mut. Fire Ins. Co. v. Minnequa Springs Imp. Co., 100 Pa. 137; Lennox v. Greenwich Ins. Co., 2 Pa. Superior Ct. 431; Marland v. Royal Ins. Co., 71 Pa. 393; Freedman v. Providence Washington Ins. Co., 182 Pa. 64.

Mr. Todd, the defendant's agent, acted within the apparent scope of his authority, when he contracted for this policy of insurance, upon which the plaintiff company is bringing suit: Williams v. Getty, 31 Pa. 461; Worth v. Ellis, 4 Del. Co.

Rep. 336 ; Hill v. Nation Trust Co., 108 Pa. 1 ; Sun Fire Office v. Ermentrout, 11 Pa. C. C. Rep. 21 ; American Cent. Ins. Co. v. McLanathan, 11 Kansas, 533 ; Lobdell v. Baker, 42 Mass. 193.

*J. Martin Rommel,* for appellee.—The person dealing with a broker must take the responsibility of ascertaining the limit of his authority, and once having ascertained what that authority is he has a right to assume in the absence of notice that the broker can carry out that particular piece of business in accordance with his apparent authority and the usages and customs of the business : Smith v. McCann, 205 Pa. 57 ; Clark v. Cumming & Co., 77 Ga. 64 ; Merritt v. Wassenich, 49 Fed. Rep. 785 ; Bush v. Cole, 28 N. Y. 261 ; Stollenwerck v. Thatcher, 115 Mass. 224.

The plaintiff delivered the policy in question to Todd, in order that he might deliver it to the defendant and they charged the amount of the premium to Todd, and dunned him for its payment. These acts made Todd the company's agent, for the purpose of delivering the policy and at the time the forgeries were committed : Riley v. Insurance Co., 110 Pa. 144 ; Lebanon Mut. Ins. Co. v. Erb, 112 Pa. 149 ; Arthurholt v. Ins. Co., 159 Pa. 1.

OPINION BY HENDERSON, J., July 28, 1904:

It is not claimed by the appellant that the defendant had given any general authority to Todd with reference to the insurance branch of his business, or that he was employed as his broker to attend to that business, or that he had conferred upon him any apparent authority by reason of the course of dealing between them. Todd's only authority grew out of the acceptance of his written proposition for insurance of February 9, 1901, by the defendant, and he was expressly and especially authorized to deliver a policy according to the terms of that proposition. His authority was limited by his instructions. He was a special agent of the defendant to do a particular thing. He had not acted for the defendant in any capacity before that. No usage or custom of the business was shown which permitted him to exceed his instructions. It is claimed, however, by the appellant that a distinction exists

between the power of a special agent and a broker, and that where one employs the latter to do a particular thing, he is bound by any contract of the agent made within the apparent scope of his authority. The proposition is that where one employs a broker to do a particular thing he invests him with all of the authority of a general agent. Where a broker is employed to transact the business of a particular kind of his principal he is thereby constituted a general agent as to such business, and his private instructions will not affect third parties with whom he dealt within the apparent scope of his employment.

The question for consideration is not whether, where one is engaged to procure insurance for another, the person so employed is the agent of the insured and not of the company, but, was the person employed a general or a special agent. Does the fact that the agent in the case under consideration was a broker endow him with powers different from a special agent? None of the cases cited by the learned counsel for the appellant sustain the position contended for. It may be conceded, as in Williams v. Getty, 31 Pa. 461, that if appellant holds out the agent to the world as a general agent in the transaction of his business, any contract made by him within the scope of that business will bind the principal, although there may be as between the principal and agent a restriction upon the general authority of the latter; and that the agent of a bank, as in Hill v. Nation Trust Co., 108 Pa. 1, whose business it was to certify the checks of depositors, could bind the bank in favor of an innocent holder, although against instructions he certified the check of a drawer who had at the time no funds in the bank; and that, as in Insurance Company v. McLanathan, 11 Kan. 533, an agent of an insurance company having blank policies signed by the home officers of the company, to be binding when countersigned by the agent, and authorized to issue such policies, could bind the company within the apparent scope of his authority; and that, as in Whilden v. Merchants National Bank, 64 Ala. 1, a broker engaged in the business of buying cotton for his principal, and authorized to draw on him for the purchase money, could bind his principal in favor of a bank which has cashed a draft so drawn, although the cotton may not have been bought in conformity to the in-

structions of the principal, but, in each of these cases, the agent exercised the functions of a general agent of the principal, and none of them was employed to execute a special commission involving a single transaction. None of the cases decides that merely because the agent is a broker he may disregard his instructions and still bind his employer. A broker employed to do a particular thing is limited by the terms of his authority, but, in the execution of his commission, he may bind his principal within the apparent scope of that authority.

" A broker's powers are limited by the duty he undertakes, by the instructions he receives, and by the general scope of that branch of the business which he pursues, and he certainly has no general capacity to make contracts for his principal outside of those limits : " Mechem on Agency, sec. 939.

" If a broker be employed to make one particular purchase of goods of a certain description and price, his principal will not be bound by his contract if the broker departs from his instructions in either of these particulars : " Paley on Agency, page 208.

The case of Stollenwerck v. Thatcher, 115 Mass. 224, denied the power of a cotton broker to deliver drafts attached to the bills of lading for cotton sold by him, in violation of the instructions of his principal, and holds that " a broker being a special agent authorized to deliver the bill of lading only upon the payment of the bill of exchange drawn against the goods and attached to the bill of lading, could not bind his principal by delivery made without such payment."

In the case of Bush v. Cole, 28 N. Y. 261, the owner of real estate in Brooklyn placed his property in the hands of auctioneers for sale with limitation as to the price. The property was sold at auction for a less price than that named by the owner. The court held that the contract made by the auctioneers was not binding on the owner ; that the defendants were constituted agents for a particular purpose and under a limited power, and could not bind their principal beyond their authority.

The authority of a broker was considered in Smith v. McCann, 205 Pa. 57. In that case the defendant gave to a real estate broker the exclusive right to sell a piece of real estate

at a stipulated price within sixty days. The broker made a contract of sale, in which the time for the completion of the transaction was extended for thirty days in addition. The purchaser filed a bill for specific performance, and the court held: "The employment of Mr. Kearns was only as a real estate broker, and it was not within the scope of his authority as such to bind his principal by an agreement, the terms of which were not authorized by him, and which was never brought to his notice or accepted by him. If the agent had power to go beyond the power of his written authority, and, as in this case, extend the authorized time limit for an additional thirty days, he would have power to extend it for an indefinite period."

It was held in Clark v. Cumming & Co., 77 Georgia, 64, that "a broker is a special agent, and derives his power and authority to bind his principal from the instructions given him by his principal. When definite instructions are given by the principal to the broker to sell goods for him at a certain specified price for a certain time and day only, this will not authorize the broker to contract and sell the same kind of goods for his principal at a different and subsequent time for the same price."

We cannot assent to the prosposition that if one transmit an order to a broker in stock or produce or insurance or any other subject of commerce with a limitation as to price or amount or time, the broker may enter into a contract in violation of his instructions which will bind his principal in the absence of conduct on the part of the latter from which a general authority might be inferred. Special orders involving large sums are daily given, and, if it be claimed that brokers so receiving them may disregard their instructions and make different contracts for their principals, clear authority should be shown for such a rule of law. The authority given to Todd was special, and nothing developed in the case gave him apparent authority to bind the defendant beyond the scope of the instructions given by him.

The effect of the adoption by the principal of the act of his agent does not arise in the case. The policy delivered conformed to the terms of the agreement between Todd and the defendant, and the latter had no notice until after the ex-

piration of the time limit in the policy that the contract was not that made by the company. The alteration of the policy is not chargeable to the defendant, as it was delivered by the company to Todd to be given him. The company also charged the amount of the premium to Todd, and authorized him to collect it from the defendant. By so doing it constituted Todd its agent for the delivery of the policy: Lebanon Mut. Insurance Co. v. Erb, 112 Pa. 149; Arthurholt v. Insurance Co., 159 Pa. 1.

The forgery was committed while the policy was in the hands of Todd for delivery. As soon as the fact was discovered, the defendant repudiated the contract alleged by the plaintiff to have been made with the defendant. The defendant was not responsible for his failure to disavow the contract claimed by the company at an earlier date.

The judgment is affirmed.