## Smith, Appellant, *v.* McCann.

205       57
Case 2
e 26 SC 147

*Principal and agent—Real estate broker.*

Where a person gives to a real estate broker an exclusive right for and during the ensuing sixty days to sell or offer for sale at a fixed price certain real estate, the broker cannot bind his principal by a contract in which the time for the completion of the purchase and the payment of the purchase money is extended for an additional thirty days after the expiration of the sixty days.

Argued Nov. 10, 1902.   Appeal, No. 98, Oct. T., 1902, by plaintiff, from decree of C. P. No. 2, Allegheny Co., April T., 1902, No. 450, dismissing bill in equity in case of A. G. Smith v. David S. McCann, Executor of Thomas N. Lea, deceased Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ.   Affirmed.

Bill in equity for specific performance.

SHAFER, J., filed the following opinion:

The bill is for specific performance of a contract to sell land. It is alleged that the defendant, as executor, had power to sell at private sale all of testator's real estate ; that he signed, as executor, a writing by which he gave to one E. P. Kearns the exclusive right or privilege to sell, or offer to sell, at $150 an acre for sixty days all those 43.86 acres, more or less, belonging to the estate of Thomas N. Lea, in Scott township, Allegheny county; in case of sale, compensation to be two and a half per cent. That on the last of the sixty days Kearns made an agreement of sale, as agent for D. S. McCann, whereby he agreed to sell to Smith a certain tract of land in Scott township, which he describes by metes and bounds, containing 43.86 acres, for $6,579, of which $100 was paid to Kearns, and the balance on January 18, 1902, or sooner, at the option of the plaintiff.

To this bill the defendant has demurred for several reasons, the chief of which is that the paper signed by McCann did not authorize Kearns to make a contract of sale with anyone in Mc-Cann's name as executor, but was only an employment as a broker to effect a sale. This seems to be a true interpretation of the paper. Besides, even if the paper did authorize Kearns to enter into a contract of sale with plaintiff, it did not authorize the contract made by which the payment of the purchase money is postponed for thirty days beyond the time limited in the alleged power of sale.

There is another reason, moreover, not assigned as ground of demurrer, which we think is equally fatal to the plaintiff's claim for relief, and that is that the alleged power of sale, which must be relied on to take the case out of the statute of frauds, does not contain a sufficient description, or any description, of the land. It calls for 43.86 acres belonging to Thomas N. Lea's estate, in a certain township. There is nothing whatever to identify the land. The description is good enough, no doubt, for a contract of employment as a broker, which does not need to be in writing, but not sufficient in a contract to convey.

The demurrer is therefore sustained and the bill dismissed at the plaintiff's costs.

*Error assigned* was decree dismissing bill.

*E. L. Kearns,* for appellant.

*Harry J. Nesbitt,* with him *J. J. Miller* and *John L. Prestley,* for appellee.

OPINION BY MR. JUSTICE POTTER, January 5, 1903:

This is a bill filed to enforce specific performance of a contract to sell real estate. On October 19, 1901, the defendant, as executor, gave in writing to one E. P. Kearns, an exclusive right for and during the ensuing sixty days, to sell or offer for sale at a fixed price, certain property belonging to the estate of Thomas N. Lea. In case of sale, a commisson was to be allowed.

Mr. Kearns did not complete the sale within the time limited by the definite terms of his written authority, but on the day before the expiration of the period, he undertook to make on behalf of his principal, a contract of sale with the plaintiff in this case, in which the time for the completion of the purchase, and the payment of the purchase money, was extended for an additional thirty days.

We see nothing in the terms of the agent's employment, which would justify the conclusion that the agreement made by Mr. Kearns with the plaintiff, constituted a valid contract with the defendant. The employment of Mr. Kearns was only as a real estate broker, and it was not within the scope of his authority as such, to bind his principle by an agreement, the terms of which were not authorized by him, and which was never brought to his notice or accepted by him. It follows that the contract, which is the foundation of this bill, was never authorized by the defendant. What he did do was to authorize Mr. Kearns to make a sale within the ensuing sixty days. The power to sell for a specific sum, unless otherwise stated, means a cash sale, and a sale is not completed until the purchase money is paid. If the agent had power to go beyond the terms of his written authority, and as in this case extend the authorized time limit for an additional thirty days, he would have power to extend it for an indefinite period.

There being no basis upon which the bill can be maintained,

other points suggested in the argument need not be considered. The court below was entirely correct in sustaining the demurrer, and in dismissing the bill.

The assignments of error are overruled, and the decree is affirmed.