Nuzum et ux. *v.* Spriggs et al., Executors,
Appellants.

Argued September 29, 1947. Before MAXEY, C. J.,
DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Eugene C. Sloan,* with him *Joseph C. Spriggs, William C. Porter* and *A. L. W. Sismondo,* for appellants.

*John B. McCreight,* with him *Thomas L. Anderson,* for appellees.

OPINION BY MR. JUSTICE PATTERSON, November 10, 1947:

J. M. Nuzum and Ruth P. Nuzum, appellees, filed this bill in equity against Margaret Spriggs, Ada M. Spriggs, and Lucian A. Spriggs, executors, substituted for Alice M. Spriggs, deceased, to compel specific performance of a contract for the sale of real estate entered into between appellees and Lane & Fetherin, agents for Alice M. Spriggs. Preliminary objections asserting a failure to allege an enforceable contract were dismissed and an answer was filed admitting the averments of the bill. The only evidence adduced at the hearing was the admitted averments of the bill. This appeal is from the decree of the court below dismissing exceptions to the chancellor's adjudication and directing specific performance.

Alice M. Spriggs, on June 25, 1945, was the owner of premises known as No. 319 East Beau Street, Borough of East Washington, Washington County, Pennsylvania. On that date, she executed a written power of attorney whereby Lane & Fetherin, real estate agents, were appointed her sole agents for a period of three months with power "for me and in my name to sell and execute contracts of sale" for the above-mentioned property. The price designated for the property was $10,000.

J. M. Lane, one of the agents, on July 6, 1943, on behalf of Alice M. Spriggs, executed a receipt for $300 paid by appellees as down money for the purchase of

the property. The receipt designated the property as that "belonging to Alice M. Spriggs, widow, and located at 319 East Beau Street, corner of North Avenue, East Washington Borough, Washington County, Penna. . . ." It also contained the following terms: "Sale price of property $10,000.00, credit now $300.00, leaving a balance of $9700.00 payable upon delivery of a good and sufficient deed on or before November 1, 1945."

Appellees were informed by Alice M. Spriggs, through her above agents, on September 12, 1945, that she intended to breach the contract of sale and to refuse to deliver a deed to the premises. Appellees were, on November 1, 1945, and at all times thereafter have been, ready, willing and able to make payment and complete the purchase of the real estate.

Appellants contend that: (1) where the principal-agent relationship is limited as to time, the agent is without authority to enter into agreements for the sale of real estate prior to the termination of the agency to be performed at a time subsequent thereto; and (2) the terms of the contract as shown by the receipt are so indefinite and incomplete that the agreement cannot be enforced. These contentions cannot be sustained.

Alice M. Spriggs vested in her agents power to act with regard to the sale as effectively as if she herself were a party to the negotiations. The extent to which she empowered her agents to act for her and in her name, and the broad latitude and discretion authorized is evidenced by the provision that: "If a sale is effected in any manner or a purchaser secured who is willing to comply with these terms of sale. . . ." Strict construction of powers of attorney does not militate against the existence of broad discretionary powers. Powers expressly granted will not be restricted by implication nor will a construction be made which will effectively defeat the very purpose of the agency.

The evident intention of Mrs. Spriggs was to invest the agent with broad discretion in the effecting of either

a contract of sale or a sale. " 'Where the agent has authority to exercise discretion his exercise thereof will bind the principal' ": *Cardon's Estate,* 278 Pa. 153, 157, 122 A. 234. Alice M. Spriggs had vested in her agents the power to enter into a contract of sale with appellees. That the agents, in the exercise of the broad discretions vested in them designated the date for final settlement on or before November 1, 1945, cannot avoid the contract. *Smith v. McCann,* 205 Pa. 57, 54 A. 498, is not inconsistent with this holding. In that case the agency relationship was that of principal and real estate broker. Here the principal empowered the agent to sell and execute contracts for the sale of the designated property. In *Smith v. McCann,* supra, 59, the Court said: "The employment of Mr. Kearns was only as a real estate broker, and it was not within the scope of his authority as such, to bind his principle by an agreement, the terms of which were not authorized by him, and which was never brought to his notice or accepted by him. It follows that the contract, which is the foundation of this bill, was never authorized by the defendant." In this case the agents were clothed with the same power and authority that the principal could have had in effecting contracts of sales or a sale.

Appellants' contention that the terms of the contract as shown by the receipt are too indefinite and incomplete to permit enforcement is entirely without merit. It is unnecessary to discuss in detail such terms as pro-rating of taxes, rents, issues and profits, the nature of title to be obtained, form of warranty, or delivery of possession. It is sufficient that the memorandum provided for a good and sufficient deed. Performance of this term of the agreement will of necessity secure performance of all provisions above stated to the satisfaction of the purchaser. It should also be noted that the principal has foreclosed the necessity of tender by an admitted anticipatory breach: *Erkess v. Eisenthal,* 354 Pa. 161, 47 A. 2d

154. Nor is it unimportant that objections which appellants seek to establish as affecting the validity of the contract are objections which could be raised, if at all, by the purchasers, appellees.

The decree of the court below is affirmed, costs to be paid by appellants.