562 A.2d 370

**ESTATE OF Clarence W. REIFSNEIDER, Deceased.**

**Appeal of Carol I. SAUL and Sharen Greth, Attorneys-in-Fact for Audrey E. Reifsneider.**

Superior Court of Pennsylvania.

Argued April 25, 1989.

Filed Aug. 1, 1989.

Jeffrey C. Karver, Boyertown, for appellant.

J. Brooke Aker, Norristown, for Reifsneider, Participating Party.

Before McEWEN, OLSZEWSKI and MELINSON, JJ.

OLSZEWSKI, Judge:

This is an appeal from an order entered by the Court of Common Pleas of Montgomery County denying appellants' request for permission to take against the will of Clarence Reifsneider as attorneys-in-fact pursuant to a durable pow-

er-of-attorney executed by their mother, Audrey Reifsneider.

The facts as found by the trial court are as follows: Clarence W. Reifsneider died on October 22, 1987, survived by his wife, Audrey E. Reifsneider. His will, dated December 19, 1986, was admitted to probate by the Register of Wills of Montgomery County on November 5, 1987. On April 20, 1988, Audrey Reifsneider's daughters, Carol I. Saul and Sharen Greth, filed a notice of election to take against the will of Clarence Reifsneider as attorneys-in-fact under a durable power-of-attorney executed by their mother on April 28, 1986. On May 13, 1988, Carol Saul and Sharen Greth filed a petition seeking court approval to make the election in which they indicated their mother's illness and hospitalization had necessitated their actions.

Stauffer B. Reifsneider, executor under the will of Clarence W. Reifsneider, filed both a petition to strike the election and an answer to the petition for court approval to file same. In these pleadings the executor contended, *inter alia,* the power-of-attorney did not authorize the filing of an election; the election was not timely filed and was therefore barred; and/or the right to elect was barred by an antenuptial agreement between Mr. and Mrs. Reifsneider dated June 28, 1977. The responsive pleadings filed by the attorneys-in-fact contained denials of these contentions and claimed the aforementioned antenuptial agreement was invalid.

On June 24, 1988, the executor filed a motion for judgment on the pleadings seeking dismissal of the election to take against the will. After argument, the court granted the motion by order dated August 30, 1988, from which the attorneys-in-fact now appeal.

On appeal, the attorneys-in-fact contend that: (1) the power-of-attorney executed by Audrey E. Reifsneider contained the language enabling them to file an election to take against the will of Clarence Reifsneider; and (2) they timely filed the petition seeking court approval of said election.

Initially, the attorneys-in-fact contest that the power-of-attorney executed by Audrey E. Reifsneider provided them with the authority to claim an elective share of the estate of Clarence Reifsneider. In support, they argue that although the power-of-attorney does not specifically address the right to claim such an elective share, the general language contained within the document which empowers them "to do all other acts, deeds, matters and things whatsoever" and "to have the full power, right and authority to do, perform and cause to be done and performed all acts, deeds, matters and things in connection with my property and estate," impliedly empowers them to claim said elective share. Prior to the enactment of 20 Pa.C.S. § 5602 in 1982, we would have agreed with their assertions.

In a 1932 case, *Celenza's Estate*, 308 Pa. 186, 162 A. 456 (1932), the Supreme Court of Pennsylvania authorized an attorney-in-fact to exercise a widow's election to take against her husband's will despite the absence of language in the power-of-attorney specifically authorizing her attorney to perform the same. In doing so, the Court held that the existence of general language which authorized the attorney to act in the principal's behalf in matters pertaining to her husband's estate served to authorize the attorney to make such an election. At the time of this decision, statutory authority addressing powers-of-attorney was nonexistent. Accordingly, despite the factual parallels between *Celenza* and the instant case, a different result may be warranted in light of the existence of subsequently enacted statutory authority regarding powers-of-attorney.

In 1974, Pennsylvania enacted its first statutes governing powers-of-attorney. In short, these statutes discussed the power-of-attorney as affected by disability and the revocation of or termination of the power-of-attorney by death, disability, or incompetence. Subsequently, in 1982 a new statute, specifically addressing potential powers with which to provide an attorney-in-fact, was enacted. In pertinent part, this statute provides:

(a) SPECIFICATION OF POWERS. A principal may, *by inclusion of the language quoted in any of the following paragraphs or by inclusion of other language showing a similar intent on the part of the principal,* empower his attorney-in-fact to do any or all of the following, each of which is defined in section 5603 (relating to implementation of power of attorney):

.    .    .    .    .

(4) "To claim an elective share of the estate of my deceased spouse."

20 Pa.C.S. § 5602.

Thus far, the enactment of this statute has not ruffled any judicial feathers of precedential authority. Accordingly, this Court is now presented with an issue of first impression. Additionally, there is no legislative history with which to guide our decision, nor is there any judicial precedent indicating a controversy for which this statute was enacted to alleviate.

Seemingly, this indicates that our decision will be based on a raw, untouched interpretation of this statute. Due to the existence of a 1986 trial court opinion which addressed a similar issue, however, this statement is not all together true. In *Brenner et al. v. Manmiller,* 6 Fiduc.Rep.2d 307, 78 Berks 310 (1986),[1] the trial court determined that pursuant to 20 Pa.C.S. § 5602, an attorney-in-fact is not empowered to make gifts unless the power-of-attorney specifically authorizes him to do the same. As such, the court held that general language authorizing an attorney-in-fact to "make disbursements of monies belonging to me, in such manner, at such times and for such purposes as my said attorney may, in her sole unrestricted discretion" for the benefit and welfare of the principal and her property, did not authorize the attorney to make gifts.

**1.** *Brenner v. Manmiller,* 78 Berks 320 (Pa.C.P.1986), aff'd mem., No. 2767 Philadelphia 1987 (Pa.Super. March 3, 1989), petition for allowance of appeal filed, No. 292 E.D. Allocatur Docket 1989 (Pa. March 28, 1989).

In making this determination, the trial court ascertained legislative intent as desiring to provide the courts with a more effective and efficient means through which to discover a decedent's intent. We agree. Clearly, this statute was enacted for a reason. If we were to determine that specific language was not needed to authorize an attorney-in-fact to perform those functions as described in § 5602, we would be ignoring the existence of the statute.

■ The Pennsylvania Supreme Court has continually advanced the principle that powers-of-attorney are to be strictly construed, and that special powers given are not to be enlarged unless clearly so intended. *Schenker v. Indemnity Insurance Company of North America*, 340 Pa. 81, 16 A.2d 304 (1940); *Nuzum v. Spriggs*, 357 Pa. 531, 55 A.2d 402 (1947); *Fierst v. Commonwealth Land Title Insurance Company*, 499 Pa. 68, 451 A.2d 674 (1982). The harshness of this mandate was subsequently tamed by the judicial amendment which held that strict construction of powers-of-attorney should not impede the very purpose for which the agency relationship was created. *Nuzum, supra*. In sum, it appears that Pennsylvania case law advocates a strict, but not unduly harsh, interpretation of powers-of-attorney.

■ When examined in light of § 5602, it seems as though this statute fortifies the previously described judicial principles. In sum, the statute maintains that to empower an attorney-in-fact with the ability to perform certain functions listed therein, the power-of-attorney must include the specific language provided in the statute or language encompassing a similar intent. For language to constitute a similar intent, it must specifically refer to the function in question, but need not contain the exact language provided by the statute. As such, general language will not serve to empower an attorney-in-fact with the tools needed to perform a specific function listed in § 5602.

■ When applied to the instant case, it is clear that the general language of the power-of-attorney is inadequate to empower the attorneys-in-fact to claim an elective share of

the estate of Clarence Reifsneider. Accordingly, we affirm the trial court's decision with regard to this issue.

Next, the attorneys-in-fact argue that the trial court erred in determining that their election to take against the decedent's will was untimely filed where the attorneys-in-fact timely filed the original notice of election, but untimely sought to obtain the requisite court approval. Due to our disposition of the foregoing issue, however, this claim need not be addressed.

Accordingly, we affirm the decision of the trial court. Order affirmed.