568 A.2d 1001

Joseph L. JOSEPH, Jr., Petitioner,

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (The Delphi Company and Rockwood Insurance Company, Ross & Kennedy, Bituminous Fire & Marine Insurance Company) Respondents.**

Joseph L. JOSEPH, Jr.

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (The Delphi Company and Rockwood Insurance Company, Ross & Kennedy, Bituminous Fire & Marine Insurance Company).**

Appeal of ROCKWOOD INSURANCE COMPANY, Petitioner.

Commonwealth Court of Pennsylvania.

Submitted Sept. 22, 1989.

Decided Jan. 17, 1990.

Raymond F. Keisling, Will, Keisling, Ganassi & McCloskey, Carnegie, for petitioner Joseph J. Joseph, Jr.

Francis E. Pipak, Jr., with him, Daniel D. Harshman, Pietragallo, Bosick & Gordon, Pittsburgh, for petitioner, Rockwood Ins. Co.

Robert C. Little, Burns, Manley & Little, P.C., Pittsburgh, for respondents, Ross & Kennedy Corp. and Bituminous Fire & Marine Ins. Co.

Before CRUMLISH, Jr., President Judge, PALLADINO, J., and NARICK, Senior Judge.

PALLADINO, Judge.

This matter is before us for a second time [1] on remand from the supreme court. In order to fully understand the issues which are now before us, a brief history is necessary.

Joseph J. Joseph (Claimant) was employed as an electrician with the Delphi Company (Delphi), when, on July 9, 1981, he sustained a work-related injury to his left knee. Delphi was an electrical subcontractor working for Ross & Kennedy Corp. (R & K), a general contractor.

As a result of the injury, claim petitions were filed against Delphi, R & K, and the workmen's compensation insurance carrier for Delphi, Rockwood Insurance Company (Rockwood). Following a series of hearings, a referee concluded that Claimant was entitled to compensation for total disability from July 10, 1981 to April 19, 1982 and partial disability compensation from April 19, 1982 to January 5, 1984, the date of the order. The referee also found that Delphi had been uninsured at the time of injury and, therefore, that R & K was the responsible statutory employer for purposes of compensation. Rockwood was released from any liability for Claimant's compensation, and liability attached to the insurer for R & K, Bituminous Fire & Marine Insurance Co. (Bituminous).

R & K petitioned the Workmen's Compensation Appeal Board (Board), requesting that the case be remanded, because the referee had inadvertently closed the record before all memoranda on legal issues had been received. R & K also filed an appeal on the merits. The Board remanded the case with the following order:

> In Reviewing this Record it would appear it was prematurely closed. The Board is in receipt of an affidavit of the Referee indicating he did not consider an issue in the case. We therefore Remand this case for further proceedings before the Referee.

---

1. Prior opinions in this matter can be found at *Joseph v. Workmen's Compensation Appeal Board (Delphi Co.)*, 108 Pa.Commonwealth Ct. 636, 530 A.2d 954 (1987), *vacated Joseph v. Workmen's Compensation Appeal Board (Delphi Co.)*, 522 Pa. 154, 560 A.2d 755 (1989).

On remand, additional testimony was taken and documents were submitted addressing the issue of insurance coverage. The referee issued new findings of fact and conclusions of law whereby Claimant's compensation was terminated as of January 11, 1983, and Delphi and Rockwood were held liable for the payment of Claimant's compensation. The Board affirmed the referee.

Claimant and Rockwood appealed to this court, which concluded that the remand was improper and reinstated the first order of the referee on the grounds that it was adequately supported by the record.

R & K and Bituminous appealed to the supreme court which held that the remand by the Board was warranted, vacated this court's order, and remanded the matter to this court for further proceedings.

There are two issues which we must now address: 1) whether the referee exceeded the scope of remand; and (2) whether the workmen's compensation insurance policy issued by Rockwood was effectively cancelled prior to Claimant's injury.

■ At the hearing following the remand order, the referee indicated the purpose of the hearing in the following colloquy:

THE REFEREE: Before I let Ray and his client leave *because I don't think the injury or accident portions of the disability is at dispute. What is in dispute here essentially is a theory of affixing liability fully between either Rockwood Insurance or Bituminous....* The case is remanded for the purposes of placing forward a legal memorandum and/or brief on behalf of Bituminous since there are issued referable to coverage. Is this a fair statement?

MR. LITTLE: Yes.

MR. PIPAK: Mr. Referee, that's exactly my understanding because of the scope of the request for remand and scope of your letter to the Board concerning the remand....

N.T. at 3–4 (Hearing of July 25, 1984) (emphasis added). Even though the language of the remand order can be construed broadly, to allow the referee to amend his findings of fact and conclusions of law on any issue other than the insurance coverage would be contrary to fundamental principles of law and the intent of the Board, as set forth in its remand order. Accordingly, the order of the Board affirming the referee's decision on the question of the Claimant's disability and termination of said disability as of January 11, 1983 must be reversed.

The second issue before us is whether the insurance policy issued by Rockwood was effectively canceled prior to the Claimant's injury. The referee found that it was not. Finding of Fact 21, Referee's Decision of December 4, 1984. The Board affirmed this ruling. We conclude, after a complete review of the record that this finding is not supported by substantial evidence, and reverse.

The insurance policy in question was purchased through a premium financing agreement (Agreement) between Thico Premium Financing Company (Thico) and Delphi. Under the Agreement Delphi gave Thico a power of attorney which specifically granted Thico the right to cancel the insurance policy *on behalf of the insured* for failure to pay the amounts due under the Agreement. This court has no power to limit or restrict this grant of power. *Nuzum v. Spriggs*, 357 Pa. 531, 55 A.2d 402 (1947).

The policy provision on cancellation reads in pertinent part as follows:

15. **Cancelation.** This policy may be canceled by the insured by surrender thereof to the company or any of its authorized agents or by mailing to the company written notice stating when thereafter the cancelation shall be effective. This policy may be canceled by the company by mailing to the insured at the address shown in this policy written notice stating when not less than ten days thereafter such cancelation shall be effective.

On May 7, 1981, Thico issued a notice of cancellation with an effective date of cancellation of May 21, 1981, because Delphi had defaulted in the payments due to Thico. This cancellation notice was withdrawn on May 13, 1981, upon receipt of a check for payment of the premium due. On May 22, 1981, a second notice of cancellation was issued with an effective date of June 5, 1981, because the check was not paid by the bank because of insufficient funds. Thico did everything that it was required to do to cancel the policy. The fact that R & K did not receive notification that the policy was being cancelled does not affect the cancellation. The Agreement did not require such notification. As a result, the June 3, 1981, notice of cancellation sent by Rockwood was not an attempt by the insurance company to cancel the policy, but was merely a confirmation of the insured's request for cancellation. The notice says as much, because the reason given for the cancellation was "Insured's Request."

While the lack of notice to R & K may constitute a breach of the contract between Delphi and R & K, that issue is not before us and has no effect on the contract of insurance between Rockwood and Delphi. Accordingly, we find that the Board and referee erred when they concluded that the Rockwood policy of insurance was in force at the time of the accident.

In summary, we hold that the referee: (1) lacked the authority to reconsider the disability status of the Claimant, and (2) that there is no evidence to support the ruling that the Rockwood insurance policy was in force at the time of the accident. Based on the foregoing, we vacate the Board's order of March 18, 1986, and the referee's order of December 4, 1984, and reinstate the referee's January 5, 1984 order.

## ORDER

AND NOW, January 17, 1990, the order of the Workmen's Compensation Appeal Board dated March 18, 1986, and the order of the referee dated December 4, 1984, are

vacated, and the order of the referee dated January 5, 1984, is reinstated.