J-S09031-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ESTATE OF: BERNICE M. KANE, POWER OF ATTORNEY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: LAUREN HOPE KANE | No. 2158 EDA 2016 |

Appeal from the Order Entered July 5, 2016
in the Court of Common Pleas of Montgomery County
Orphans' Court at No.: 15-X2875

BEFORE: SHOGAN, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                     **FILED APRIL 24, 2017**

Appellant, Lauren Hope Kane, appeals from the order denying her amended motion to compel Wells Fargo Advisors, LLC and PNC Bank, Appellees, to honor her various demands under a power of attorney regarding a trust.[1] Chiefly, Appellant seeks to revoke the trust of her mother, Bernice M. Kane, and assume direct control of the trust assets. She maintains that she can act unilaterally by virtue of the power of attorney. By the terms of the trust itself, she cannot. We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** Pa.R.A.P. 342(a)(3) (permitting appeal as of right from Orphans' court order interpreting will or document that forms basis of claim against estate or trust).

We derive the facts of the case from the Orphans' court's opinion and our independent review of the certified record.

> Bernice Kane . . . executed a Revocable Deed of Trust on August 10, 2000. Bernice, as Settlor, named herself and her husband Joseph as co- trustees. She amended this trust on February 14, 2003 (. . . "the Amended Trust") following her husband's death and notes that she is now the sole trustee of this Amended Trust. On September 10, 2012 Mrs. Kane executed a Power of Attorney (. . . "POA") appointing her daughter Lauren Hope Kane as Agent. Lauren Hope Kane accepted this appointment on May 30, 2013. (See, Exhibit I to the Amended Petition to Compel, filed 2/12/16). On September 20, 2013, approximately one year after Bernice executed the POA, Dr. Michael Cooperman, M.D., in a Letter, declared that Bernice suffers from dementia. Specifically, the letter states:

>> Mrs. Bernice Kane has been under my medical care for a significant number of years. In the past year or two, I have noticed a significant decline in her mental function, manifested by a diminished memory and intermittent confusion. A review of her medical condition and medications does not disclose a treatable cause for her mental deterioration and I believe that she suffers from dementia severe enough so that she is incapable of handling her financial and other affairs. Her situation is such that she will require an in-home health aide to help her with activities of daily living and medication administration.

>> Thus I believe that Mrs. Bernice Kane requires financial and living supervision with another party, such as her daughter, to take care of her financial affairs and insure her medical stability and future health needs.

> (See, Exhibit 2 to the Amended Petition to Compel, filed 2/12/16).

> At some time in late 2014, or early 2015, the dispute over the interpretation of the terms of the POA and Amended Trust between [Wells Fargo Advisors], the Agent and later PNC, began and ultimately culminated with the filing of the Petition to Compel.

(Orphans' Court Opinion, 9/29/16, at 2-3) (footnote omitted).[2]

The Orphans' court denied the motion to compel on July 5, 2016. Appellant timely appealed.[3]

Appellant presents six questions on appeal:

1. Does 20 [Pa.C.S.A. § 5608.1(a)] require the acceptance of Bernice M. Kane's properly executed Durable Power of Attorney and were Wells Fargo and PNC improperly relieved of any liability for refusing to honor that Power of Attorney as provided in 20 [Pa.C.S.A.] § 5608.1(c) thereby leaving a 91 year old woman without access to her own funds[?]

2. Does the Power of Attorney, Lauren Kane, [sic][4] possess those rights clearly articulated in the valid Durable

_____

[2] Wells Fargo Advisors was the co-trustee and custodian of the assets under the revocable trust, but in the event of the incapacitation (or death) of Bernice Kane, PNC would become co-trustee and the trust assets were to be transferred to PNC Bank. Aside from Appellant's direct legal claims, the respective roles of the two corporate trustees are not in factual dispute, and have no effect on our disposition.

[3] Appellant filed a notice of appeal on July 6, 2016. Appellant also filed an application for stay pending appeal, requesting a stay of the transfer of assets from Wells Fargo to PNC Bank, and to compel the two Appellees to permit her to withdraw funds from the trust. (**See** Application for Stay Pending Appeal, 7/07/16). Both Appellees opposed the stay; Appellant replied. The trial court ordered a Rule 1925(b) statement of errors, on July 7, 2016. Appellant filed a statement on July 11, 2016. However, the Rule 1925(b) statement in Appellant's brief **omits** the second and third pages, which recite the errors alleged. The trial court stayed the transfer of custodianship from Wells Fargo to PNC Bank, but denied the request for emergency relief in all other respects, notably, the request to compel Appellees to honor Appellant's request for disbursements from the trust. (**See** Order, 8/04/16). Appellant filed her brief on August 19, 2016. The trial court filed an opinion on September 28, 2016. **See** Pa.R.A.P. 1925.

Power of Attorney document including 1) the right to withdraw funds from the Bernice M. Kane Revocable Trust; 2) the right to receive all brokerage statements and participate in investment decisions as set forth in paragraphs 15 and 16 of the Power of Attorney; and 3) the right to terminate the Bernice M. Kane Revocable Trust as set forth in paragraphs 15 and 16 of the Power of Attorney document[?]

3. Do the provisions of 20 [Pa.C.S.A] §5603(g), and the authorities of 20 [Pa.C.S.A] §5601.4 and §5602(a)(7), and other general principals [sic] of Pennsylvania law, when applied to the corresponding language of the Bernice M. Kane Power of Attorney, afford Lauren Kane, Agent, the right to withdraw funds from her mother's Revocable Trust and to terminate or revoke that trust[?]

4. Does the Bernice M. Kane Revocable Trust compel the appointment of PNC Bank as a substitute custodian of funds of the Bernice M. Kane Revocable Trust without the consent of the co-successor trustee, Lauren Kane[?]

5. May PNC, either in its capacity as Co-Trustee of the Bernice M. Kane Revocable Trust or custodian of funds thereof require notice to contingent remainder beneficiaries of the Bernice M. Kane Revocable Trust in contravention of 20 Pa.C.S.A. §7780.3[?]

[6.] May PNC, either in its capacity as Co-Trustee of the Bernice M. Kane Revocable Trust or custodian of the funds thereof compel the Appellant Lauren Kane to comply with the many burdensome demands more fully set forth in a letter dated January 15, 2016 attached hereto as Appendix F[?]

_(Footnote Continued)_ ⸻

[4] Somewhat curiously, Appellant occasionally appears to refer to **herself** as the power of attorney, as she does here. (**_See e.g._**, Appellant's Brief, at 22, 24). As Appellant properly notes elsewhere, she is the Agent under the power of attorney, more traditionally referred to as the attorney-in-fact. We recognize, as Appellant reminds us, (**_see id._** at 12), that she is also a licensed attorney at law.

(Appellant's Brief, at 10-12).[5]

> Our standard of review of the findings of an Orphans' Court is deferential.
>
>> When reviewing a decree entered by the Orphans' Court, this Court must determine whether the record is free from legal error and the court's factual findings are supported by the evidence. Because the Orphans' Court sits as the fact-finder, it determines the credibility of the witnesses and, on review, we will not reverse its credibility determinations absent an abuse of that discretion.
>>
>> However, we are not constrained to give the same deference to any resulting legal conclusions.
>>
>> **In re Estate of Harrison**, 745 A.2d 676, 678–79 (Pa. Super. 2000), *appeal denied,* 563 Pa. 646, 758 A.2d 1200 (2000) (internal citations and quotation marks omitted). "The Orphans' Court decision will not be reversed unless there has been an abuse of discretion or a fundamental error in applying the correct principles of law." **In re Estate of Luongo**, 823 A.2d 942, 951 (Pa. Super. 2003), *appeal denied,* 577 Pa. 722, 847 A.2d 1287 (2003).

**In re Estate of Whitley**, 50 A.3d 203, 206–07 (Pa. Super. 2012), *appeal denied*, 69 A.3d 603 (Pa. 2013) (brackets omitted).

> This Court's standard of review of questions of law is *de novo,* and the scope of review is plenary, as we may review the entire record in making our determination. **Kripp v. Kripp**, 578 Pa. 82, 849 A.2d 1159, 1164 n.5 (2004). When we review

---

[5] We again note that Appellant filed her brief on August 19, 2016, approximately a month before the trial court filed its opinion, on September 29, 2016. As a result, Appellant's brief does not contain a copy of the trial court opinion. **See** Pa.R.A.P. 2111(a)(10), (b). A copy of the trial court opinion is included in the reproduced record at 320a-329a, and in the certified record.

questions of law, our standard of review is limited to determining whether the trial court committed an error of law. *Kmonk–Sullivan v. State Farm Mutual Automobile Ins. Co.*, 746 A.2d 1118, 1120 (Pa. Super. 1999) (*en banc* ) [affirmed, 788 A.2d 955, 962 (2001)].

*In re Fiedler*, 132 A.3d 1010, 1018 (Pa. Super. 2016), *appeal denied*, 145 A.3d 166 (Pa. 2016).

We are also mindful of the following applicable legal principles.

The scope of authority under a POA [Power of Attorney] is determined by the language of the document creating the agency and the Code. *See generally* 20 Pa.C.S. §§ 5601–5611; *In re Weidner*, 938 A.2d [354] at 357–358 [(Pa. 2007)] (analyzing language of POA in the context of the Code to determine propriety of agent's actions).

*Id.* at 1021. "[P]owers of attorney are to be strictly construed." *Id.* (citations omitted).

Moreover, a party dealing with an agent, known by the former to be acting only under an express grant of authority (**such as a power of attorney**), **has a duty to take notice of the nature and extent of the authority conferred**. *Fierst v. Commonwealth Land Title Ins. Co.*, 499 Pa. 68, 451 A.2d 674, 677 (1982), citing *Moore v. Luzerne County*, 262 Pa. 216, 105 A. 94, 95 (1918). *See also* Restatement (Second) of Agency, § 167 (1958) ("If a person dealing with an agent has notice that the agent's authority is created or described in a writing which is intended for his inspection, he is affected by limitations upon the authority contained in the writing, unless misled by conduct of the principal."). **Parties are bound at their own peril to notice limitations upon the grant of authority before them**, whether such limitations are prescribed by the grant's own terms or by construction of law. *Fierst*, 451 A.2d at 677. "A person with notice of a limitation of an agent's authority **cannot subject the principal to liability upon a transaction with the agent** if he should know that the agent is acting improperly." Restatement (Second) of Agency § 166 (1958). Finally, the existence of a limitation upon the authority conferred by a power of attorney must be determined in light of

the rule that **such powers are to be strictly construed**.  **_See Nuzum v. Spriggs_**, 357 Pa. 531, 55 A.2d 402, 403 (1947).

**_Petersen v. Kindred Healthcare, Inc._**, ___ A.3d ____, No. 1567 MDA 2014 at *3 (Pa. Super. filed February 1, 2017) (emphases added). Additionally, "[n]o statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly."  1 Pa.C.S.A. § 1926.

In this case, at the outset, we note that Appellant's brief, and in particular, her statement of questions involved, fails to comply with our Rules of Appellate Procedure.  **_See_** Pa.R.A.P. 2116(a).[6]  The majority of Appellant's questions seek a declaration of legal rights, as if this Court were

---

[6] In pertinent part, Rule 2116 provides:

> **(a) General rule.**  The statement of the questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail.  The statement will be deemed to include every subsidiary question fairly comprised therein.  No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.  Each question shall be followed by an answer stating simply whether the court or government unit agreed, disagreed, did not answer, or did not address the question.  If a qualified answer was given to the question, appellant shall indicate the nature of the qualification, or if the question was not answered or addressed and the record shows the reason for such failure, the reason shall be stated briefly in each instance without quoting the court or government unit below.

Pa.R.A.P. 2116(a.)

a court of first instance, and she only sporadically suggests trial court error in the argument section. (**See** Appellant's Brief, at 10-12, 14-33).

Appellant appears to misapprehend the foundation and purpose of our review. As a court of intermediate appellate review, this Court is an error correcting court. **See Trach v. Fellin**, 817 A.2d 1102, 1119 (Pa. Super. 2003), *appeal denied*, 847 A.2d 1288 (Pa. 2004); **Harber Philadelphia Ctr. City Office Ltd. v. LPCI Ltd. P'ship**, 764 A.2d 1100, 1105 (Pa. Super. 2000), *appeal denied*, 782 A.2d 546 (Pa. 2001). We do not sit as a second trial court.

Accordingly, we do not decide legal questions in the abstract, or even declare general legal principles and then apply them to a given set of facts, without regard to the proceedings in the Orphans' Court. It is well-settled that to secure appellate relief it is incumbent on an appellant to assert and prove either an error of law or an abuse of discretion by the trial court (or both). **See In re Estate of Whitley**, **supra** at 206–07; **In re Fiedler**, **supra** at 1018. Here, Appellant does not do so.[7]

---

[7] Furthermore, to preserve an issue for review on appeal, it must first be raised with the trial court. **See** Pa.R.A.P. 302(a) ("**General rule.** Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Objections to a trial court ruling must be timely, contemporaneous, and specific. "Under prevailing Pennsylvania law, a timely objection is required to preserve an issue for appeal. Pa.R.C.P. No. 227.1(b)(1) [and note]; Pa.R.A.P. 302; **Straub v. Cherne Indus.,** 583 Pa. 608, 880 A.2d 561, 567 (2005); **Dilliplaine v. Lehigh Valley Trust Co.,** 457 Pa. 255, 322 A.2d 114, 116–17 (1974)." **Samuel-Bassett v. Kia**
*(Footnote Continued Next Page)*

An appellant must also set forth in the statement of the case or in the argument section of the brief where an issue was raised and preserved in the trial court. **See** Pa.R.A.P. 2119(e);[8] **see also** Pa.R.A.P. 2117(c).

Similarly, when the finding of a fact is argued, an appellant must refer to the place in the record where the evidence is to be found. **See** Pa.R.A.P. 2119(d).[9] It is not the role of this Court to scour the record to find evidence to support Appellant's arguments. **See J.J. DeLuca Co. Inc. v. Toll Naval Assocs.**, 56 A.3d 402, 411 (Pa. Super. 2012).

In this case, every issue, in whole or in part, fails to comply with these requirements, either by failure to reference the place where evidence of the facts now claimed was presented to the trial court, or the place of timely

_(Footnote Continued)_ ————————

**Motors Am., Inc.**, 34 A.3d 1, 45 (Pa. 2011), _cert. denied_, 133 S. Ct. 51 (2012).

[8]

> **Statement of place of raising or preservation of issues.** Where under the applicable law an issue is not reviewable on appeal unless raised or preserved below, the argument must set forth, in immediate connection therewith or in a footnote thereto, either a specific cross-reference to the page or pages of the statement of the case which set forth the information relating thereto as required by Pa.R.A.P. 2117(c), or substantially the same information.

Pa.R.A.P. 2119(e).

[9] "**Synopsis of evidence.** When the finding of, or the refusal to find, a fact is argued, the argument must contain a synopsis of all the evidence on the point, with a reference to the place in the record where the evidence may be found." Pa.R.A.P. 2119(d).

objection to the rulings of the trial court were raised and preserved in the record. Accordingly, we conclude that all of Appellant's issues are waived.[10]

Moreover, they would not merit relief.

Appellant's first three questions each involve her proposed interpretation of the Power of Attorney statute.[11] (*See* Appellant's Brief, at 16-22). We address her power of attorney claims together. Notably, Appellant offers no caselaw in support of her interpretation of the power of attorney law. (*See id.*).

Instead, Appellant merely argues generally that under recent amendments to the power of attorney statute, Appellees were required to accept without question (except for the statutorily permitted inquiries) her authority to act unilaterally over her mother's trust. (*See id.* at 14-16). She maintains, in effect, that the Orphans' court erred in not so ruling, and in not assessing damages against Appellees for their failure to accept instructions from her. (*See id.*). We disagree.

_____

[10] "The application of the waiver doctrine raises a question of law. On questions of law, our standard of review is *de novo* and our scope of review is plenary." *Straub*, *supra* at 566 n.7 (citations omitted).

[11] Pennsylvania's power of attorney statute, Chapter 56 of Decedents, Estates and Fiduciaries, incorporates into Pennsylvania law the Uniform Durable Power of Attorney Act. *See* Title 20 Pa.C.S.A., Ch. 56, Refs & Annotations.

First, Appellant argues that the Orphans' court "improperly ignored" 20 Pa.C.S.A. § 5608.1(a), of the Power of Attorney statute, as amended in 2014.[12] (*Id.* at 16). Citing the 2014 amendments, Appellant contends the Orphans' court should have held Appellees liable pursuant to 20 Pa.C.S.A. § 5608.1(a) and § 5608.1(e)[13] for not accepting the power of attorney

_____

[12] Section 5608.1(a) provides, in pertinent part:

> **(a) Acceptance required.**—Except as provided under subsections (b) and (d):
>
> (1) A person shall either:
>
> (i) accept a power of attorney; or
>
> (ii) request one of the following:
>
> (A) an affidavit under section 5606 (relating to proof of continuance of powers of attorney by affidavit); or
>
> (B) a certification, translation or an opinion of counsel under section 5608(e) (relating to acceptance of and reliance upon power of attorney);
>
> not later than seven business days after presentation of the power of attorney for acceptance.

20 Pa.C.S.A. § 5608.1(a)(1).

[13] Section 5608(e) provides:

> **(e) Request for information.**—A person who is asked to accept a power of attorney may request and, without liability, rely upon without further investigation:
>
> (1) An agent's certification under penalty of perjury of any factual matter concerning the principal, agent or

*(Footnote Continued Next Page)*

without question, and honoring her directives. (*See id.* at 16-18).

Appellant continues, in her second and third issues, that the trial court improperly denied her the right to exercise various enumerated powers over the trust, unilaterally, under the power of attorney, most notably the power to withdraw and receive the income or *corpus* of the trust, pursuant to 20 Pa.C.S.A. § 5602(a)(7), with an expressed intent to revoke the trust altogether, even though the trust document itself established a co-trusteeship and did not permit the co-trustees to act unilaterally. (*See id.* at 19-20). We disagree.

At the outset we note that because the power of attorney at issue was on its face signed, dated, and acknowledged on September 10, 2012, the 2014 amendments that Appellant relies on, which took effect on July 2,

*(Footnote Continued)* ————————

> power of attorney or an affidavit under section 5606 (relating to proof of continuance of powers of attorney by affidavit).
>
> (2) An English translation of the power of attorney, if the power of attorney contains, in whole or in part, language other than English.
>
> (3) An opinion of counsel relating to whether the agent is acting within the scope of the authority granted by the power of attorney if the person making the request provides in writing or other record the reason for the request.

20 Pa.C.S.A. § 5608(e).

2014,[14] almost two years later, are not relevant to our review.  Appellant gamely asserts that the amendments "impact all powers of attorney created before **or** after July 2, 2014[,]" but offers no authority or even argument in support of the claim of retroactivity.  (***Id.*** at 16) (emphasis in original).

To the contrary, Appellant ignores the Act's explicit stipulation that the enumerated provisions (including those at issue here) took effect "immediately", *i.e.*, **on** July 2, 2014, **not** before.  (Sec. 10, Act 2014-95, H.B. 1429).  Additionally, Appellant's claim ignores the statutory presumption against retroactivity: "No statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly."  1 Pa.C.S.A. § 1926.  Appellant's claims under the 2014 amendments would not merit relief.

_____

[14] Section 10 of the Act amending the statute provides:

This act shall take effect as follows:

  (1) The amendment or addition of 20 Pa.C.S. §§ 5601(f), 5608, 5608.1, 5608.2, 5611 and 5612 shall take effect immediately.

  (2) This section shall take effect immediately.

  (3) The remainder of this act shall take effect January 1, 2015.

Approved July 2, 2014.

DECEDENTS, ESTATES AND FIDUCIARIES—POWERS OF ATTORNEY, 2014 Pa. Legis. Serv. Act 2014-95 (H.B. 1429).

Moreover, on this point, Appellant also ignores the statutory exception in the current power of attorney statute for a good faith belief that the agent does not have the authority to perform the act requested. **See** 20 Pa.C.S.A. § 5608.1(b)(6).[15]

Here, the Orphans' court found that Appellees had a good faith belief that the terms of the amended trust did not authorize the unilateral revocation of the trust by Appellant. (**See** Orphans' Ct. Op., at 8-9). "Because the Orphans' Court sits as the fact-finder, it determines the credibility of the witnesses and, on review, we will not reverse its credibility determinations absent an abuse of that discretion." **In re Estate of Whitley**, **supra** at 206–07 (citation omitted).

_____

[15] Section 5608.1(b)(6), in pertinent part, provides:

> **(b) Acceptance not required.**—A person may not be required to accept a power of attorney if any of the following applies:
>
> \*   \*   \*
>
>    (6) The person in good faith believes that the power of attorney is not valid or the agent does not have the authority to perform the act requested, whether or not a certification, a translation, an affidavit under section 5606 or an opinion of counsel under section 5608(e) has been requested or provided.

20 Pa.C.S.A. § 5608.1(b)(6).

On independent review, we discern no abuse of discretion. Accordingly, we would decline to disturb the finding of the Orphans' court. Appellant's claims against Appellees for not honoring her power of attorney (and the Orphans' Court for not enforcing it) would not merit relief.

Next, on the underlying central legal issue of whether the enabling provisions of an after-executed power of attorney would supersede the preclusive provisions of the trust itself, we conclude that they would not.

First, with one exception, Appellant's entire argument consists of variations on the theme that under the power of attorney statute, as revised and amended in 2014, (as already discussed), her demands to Appellees, the corporate trustees, may not be challenged. (**See** Appellant's Brief, at 14-22).[16] For the reasons already noted, this argument is unavailing.

Furthermore, even the statute cited by Appellant provides the exception which precludes her argument. (**See id.** at 20). Appellant maintains that she had the legal capacity to terminate or revoke her mother's trust pursuant to the POA provision, as permitted under section 5601.4 of the power of attorney law. (**See id.**). However, section 5601.4 in pertinent part also provides that:

---

[16] Essentially, the only exception is an abbreviated and undeveloped one-paragraph claim, **not included** in the statement of questions involved, that Appellees lack standing (which they obviously do not). (**See** Appellant's Brief, at 22).

> **(a) General rule.**—An agent under a power of attorney may do the following on behalf of the principal or with the principal's property **only if** the power of attorney expressly grants the agent the authority and **exercise of the authority is not otherwise prohibited by another agreement or instrument to which the authority or property is subject[.]**

20 Pa.C.S.A. § 5601.4(a) (emphasis added).

Applying section 5601.4(a) to this appeal, the trust agreement's restrictions (and requirement of a co-trusteeship with a corporate trustee) would defeat Appellant's claim that she should have unfettered access to the assets in her mother's trust in sole reliance on the power of attorney.[17]

Furthermore, Appellant's claims to the power to revoke the trust unilaterally without court approval are precluded by the Pennsylvania Uniform Trust Act § 7752, Revocation or Amendment of Revocable Trust (based on the Uniform Trust Code 602):

> **(e) Agent.**—A settlor's powers with respect to revocation or amendment of the nondispositive provisions of or withdrawal

---

[17] Moreover, we note that the Orphans' Court, and both Appellees, accepted Dr. Michael Cooperman's "To Whom It May Concern" letter of September 20, 2013, as confirmation of Bernice M. Kane's incapacitation. (**See** Orphans' Ct. Op., at 2-3; **see also** Brief of Appellee PNC Bank, N.A., at 5; Brief of PNC Bank National Association in Response to Amended Petition of Lauren Hope Kane, at 1; Brief for Appellee [Wells Fargo Advisors, LLC,] at 2). However, by the express terms of Dr. Cooperman's letter, Bernice M. Kane had been exhibiting "a significant decline in her mental function" for "the past year or two[.]" (Letter of Michael Cooperman, MD, To Whom It May Concern, 9/20/13). Accordingly, there is a substantial question, apparently not addressed in the Orphans' Court, whether Bernice even had the legal capacity to execute the power of attorney, after she had already been exhibiting a significant decline in mental function for a year.

of property from a trust may be exercised by an agent under a power of attorney only to the extent expressly authorized by the trust instrument or the power. The agent under a power of attorney that expressly authorizes the agent to do so may amend the dispositive provisions of a revocable trust **as the court may direct.**

20 Pa.C.S.A. § 7752 (emphasis added).

Appellant's first three claims would not merit relief.

In her next three questions, Appellant challenges the legal capacity and various acts of PNC Bank. (**See** Appellant's Brief, at 11-12).

In her fourth issue, Appellant contests the Orphans' Court's appointment of PNC Bank as substitute custodian of the trust assets without her consent. (**See id.** at 23-24). However, Appellant fails to develop an argument in support of her claim. Instead, she merely recites verbatim sub-section C-8 of the Sixteenth Paragraph of the Amended Trust.[18]

Appellant follows the block quote with a two-sentence argument which we reproduce verbatim:

> The appointment of a successor custodian and the payment of Trustee fees are matters contemplated by the Bernice M. Kane Revocable Trust and require agreement. While Lauren Kane has the specific authority as Grantor's daughter (paragraph SIXTEENTH (C) 6) to replace the corporate trustee

---

[18] Subsection C-8 describes at length the general decision-making process for **co**-trustees, with a provision for submission to the American Arbitration Association in the event of impasse. We note that the trust document addresses co-trusteeship on disability or incapacity of the grantor at sub-section A of the Sixteenth paragraph. (**See** Orphans' Ct. Op., 9/28/16, at 4).

after her mother's death, it is arguable that such right commences upon her mother's disability.

(*Id.* at 23-24).

We conclude that Appellant has failed to develop an argument, supported by pertinent authority, in support of her claim. *See* Pa.R.A.P. 2119(a), (b). The claim would be waived for this additional reason as well as those already discussed.

In any event, the claim is moot, because the Orphans' Court stayed that portion of its decision and directed that the trust assets remain in the custody of Wells Fargo Advisors pending appeal. (*See* Order, 8/04/16; *see also* Orphans' Ct. Op., at 9).

Appellant's fifth question [involving notice to contingent remainder beneficiaries] is totally different from the corresponding claim raised in the statement of errors [Orphans' Court's failure to recognize Appellant's authority to replace PNC Bank, or any corporate trustee]. *Compare* Statement of Errors, 7/11/16, at 3 ¶ 5, *with* Appellant's Brief, at 11 ¶ 5). Appellant's fifth claim is waived for this reason as well. *See* Pa.R.A.P. 1925(b).

In Appellant's sixth and final issue, she assigns error to the Orphans' Court because it "failed to dismiss the many unlawful, unreasonable, and burdensome terms demanded by PNC[,]" (Appellant's Brief, at 26), both for

Appellant to serve as co-trustee, and for PNC to accept its co-trusteeship.[19] (**See id.** at 26-30).

Appellant complains at length that the various demands for information, identification, releases, indemnification, etc. had no legitimate basis, exceeded statutory requirements, or were simply "illogical." (**Id.** at 28). However, despite a few bald statutory references, Appellant fails to develop a comprehensive legal argument in support of her overall claim that the demands were unduly burdensome, let alone legally prohibited. Once again Appellant relies predominantly on her broad but unsupported interpretation of her power of attorney. (**See**, **e.g.**, **id.** at 30). Appellant has waived her claim for lack of development. **See** Pa.R.A.P. 2119(a), (b).

However, even assuming that this issue had been properly raised, preserved, and developed, it would not merit relief.

> Parties are bound at their own peril to notice limitations upon the grant of authority before them, whether such limitations are prescribed by the grant's own terms or by construction of law. A person with notice of a limitation of an agent's authority cannot subject the principal to liability upon a transaction with the agent if he should know that the agent is acting improperly. Finally, the existence of a limitation upon the authority conferred by a power of attorney must be determined in light of the rule that such powers are to be strictly construed.

**Petersen**, **supra** at *3 (citations and internal quotation marks omitted).

_____

[19] PNC argues, without citation to pertinent authority, that because both it and Appellant ultimately accepted the co-trusteeship, the claim is moot. (**See** PNC Brief, at 30).

Here, Appellant's announced intention is to revoke the trust and assume personal control of the trust assets. Her proposed plan carries the risk of dissipation of trust assets, both for the benefit of Bernice and for her special needs grandchildren, otherwise provided in the trust at issue and companion trusts.

We can discern no abuse of discretion or error of law in the Orphans' Court's acceptance of the appropriateness of assurances to PNC in line with standard industry practices as practical precautions to protect the trust assets from improper diversion or dissipation.

Giving the power of attorney the narrow, strict construction controlling authority requires, we conclude that, even if not waived, none of Appellant's claims would merit relief.

Order affirmed.

Judge Stabile joins the Memorandum.

Judge Shogan concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/24/2017</u>