95 A.3d 268

Evonne K. WERT, Executrix of the Estate
of Anna E. Kepner, Deceased

v.

MANORCARE OF CARLISLE PA, LLC d/b/a ManorCare Health Services–Carlisle; HCR ManorCare, Inc; Manor Care, Inc.; HCR Healthcare, LLC; HCR II Healthcare, LLC; HCR III Healthcare, LLC; HCR IV Healthcare, LLC: GGNSC Gettysburg, LP, d/b/a Golden Living Center–Gettysburg; GGNSC Gettysburg GP, LLC; GGNSC Holdings, LLC; Golden GATE National Senior Care, LLC; GGNSC Equity Holdings, LLC; GGNSC Administrative Services, LLC.

Petition of GGNSC Gettysburg LP, d/b/a Golden Living Center—Gettysburg; GGNSC Gettysburg GP, LLC; GGNSC Holdings, LLC; Golden Gate National Senior Care, LLC; GGNSC Equity Holdings, LLC and GGNSC Administrative Services, LLC.

Supreme Court of Pennsylvania.

June 24, 2014.

## ORDER

PER CURIAM.

**AND NOW,** this 24th day of June 2014, the Petition for Allowance of Appeal is **GRANTED.** The issues, as stated by petitioners, are:

(1) Whether the Superior Court's decision in *Stewart v. GGNSC–Canonsburg, L.P.,* 9 A.3d 215 (Pa.Super.2010), holding that the NAF Designation voided an identical Arbitration Agreement, was incorrectly decided and should be reversed, where there is no evidence indicating that the NAF designation was integral to the Agreement?

(2) Whether the Court may ignore undisputed testimonial evidence that the party seeking to void the Agreement did not consider the NAF Designation to be an "integral part" of the Arbitration Agreement (because she did not read the agreement) [1]?

---

1. This issue has been abbreviated because, as stated verbatim, it was unnecessarily argumentative.